UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SPIRIT MASTER FUNDING II, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>JERRY HERBST,<br><br>    Defendant. | Case No.: 2:13-cv-00398-JAD-GWF<br><br>**Order Granting Partial Summary Judgment (#28)** |

This is a breach of contract case involving a real property lease agreement between Spirit Master Funding II, LLC and Berry-Hinckley Industries. There appears no dispute that Jerry Herbst, who executed a lease guaranty promising that Berry-Hinckley would make all of its payments to Spirit, breached the guaranty beginning in January of 2013. But there is a dispute about just how much damage Herbst's breach caused, in large part because Spirit itself hasn't settled on a number. Accordingly, I grant partial summary judgment: Herbst is liable to Spirit for breaching the lease guaranty, but the extent of that liability remains to be determined.

### Background

Spirit entered into a 10-year lease agreement with Berry-Hinckley on December 15, 2005.[1] In exchange for the use of certain real property, Berry-Hinckley agreed to pay Spirit monthly rent, pay its property tax, and perform other obligations such as not abandoning the property—aka, letting the property "go dark."[2] About nineteen months into the lease, Spirit and Berry-Hinckley amended the agreement to include a lease guaranty executed by Jerry Herbst promising that Herbst would ensure Berry-Hinckley's perfomance of its lease obligations.[3]

---

[1] Exhibit A.

[2] *Id*.

[3] *Id*.

Spirit alleges that Berry-Hinckley began defaulting on its obligations on January 7, 2013.[4] First, Berry-Hinckely failed to pay the property taxes.[5] Then, it failed to make its monthly rent payments.[6] And at some point, it also abandoned the property, letting it go dark.[7] So on March 6, 2013, Spirit sent Berry-Hinckley a Notice of Default and Demand for Cure.[8]

By its motion for summary judgment, Spirit requests that Herbst, as guarantor of Berry-Hinckley's lease, be adjudged liable to Spirit for the $2,298,062.10[9] it now claims to be owed.

Herbst's response to these allegations is perfunctory. He does not even address Spirit's claim of breach; in fact, the only mention of the events underlying Spirit's claim comes in a footnote on page 2 in which Herbst just reaffirms the admissions and denials in his answer, noting that he "does not admit by implication to any of the purported 'facts' . . . that are not directly addressed by this Opposition. Rather, Mr. Herbst's position on such purported 'facts' is one consistent with the Answer filed by Mr. Herbst."[10]

Herbst spends the bulk of his opposition disputing Spirit's calculation of damages, a calculation primarily substantiated by the declaration of Sean Hufford, Spirit's Vice President of of Asset Management and custodian of records.[11] Herbst contends that Spirit's calculation of damages has been inconsistent since the start of this case: in its complaint, Spirit alleged damages of

---

[4] Doc. 29 at ¶9.

[5] *Id.*

[6] *Id.* at ¶10.

[7] *Id.* at ¶12.

[8] Id. at ¶13.

[9] This amount is actually from Spirit's reply brief. Doc. 31. (The amount Spirit requests in its motion for summary judgment is $2,525,374.37.) But because the amount in the reply is the most recent amount requested, I have used it for the purposes of this order.

[10] Doc. 22 at fn 1.

[11] Exhibit E at 7.

2

$3,037,491.04;[12] in its Rule 26 disclosure statement, the damages changed to $2,498,148.79;[13] and the summary judgment calculation is $2,5525,374.27.[14] With these discrepancies, Spirit has created its own genuine issue of material fact, at least on the question of damages. For this reason, as well as the presence of other contested issues relating to Spirit's damages—whether Spirit made reasonable efforts to mitigate these damages, whether Spirit properly discounted the amount owed by Herbst, and how Spirit calculates the damages it has claimed——I limit this grant of summary judgment to Herbst's liability for breaching the guaranty.

**Legal Standard**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[15]  When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party.[16]  If reasonable minds could differ on the material facts at issue, summary judgment is not appropriate because the purpose of summary judgment is to avoid unnecessary trials when the facts are undisputed.[17]

Once the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial."[18]  The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts";[19] he "must produce specific

---

[12] Doc. 1 at 7.

[13] Exhibit 1 at 4.

[14] Doc. 28 at 6.

[15] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)).

[16] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[17] *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

[18] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323.

[19] *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted).

evidence, through affidavits or admissible discovery material, to show that" there is a sufficient evidentiary basis on which a reasonable fact finder could find in his favor.[20]

The court's ability to grant summary judgment on certain issues or elements is inherent in Rule 56(a). Because the purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses,"[21] the court's ability to grant summary judgment on certain issues or elements—a partial grant of summary judgment—is inherent in Rule 56. Thus, where appropriate, the court may grant summary judgment on the liability issues in a claim, leaving the issue of damages for trial.

## Discussion

**A.   Herbst is Liable for Breach of the Guaranty.**

A cause of action for breach of contract requires (1) the existence of a valid contract, (2) a breach by the defendant, and (3) damages as a result of the breach.[22] Herbst entered into a valid contract with Spirit that required Herbst to "unconditionally, absolutely, and irrevocably guarante[e] the punctual and complete payment and performance of"[23] Berry-Hinckley's lease obligations to Spirit. Beginning in January of 2013, when Herbst failed to take over the performance of Berry-Hinckley's punctual and complete payment of its property taxes, Herbst breached his guaranty—as it did when it failed, three months later, to satisfy Berry-Hinckley's rent obligations, and when it allowed Berry-Hinckley to eventually let the property go dark. And although the amount of damages caused by Herbst's breach remains uncertain, that there are indeed damages does not: Spirit was not paid money it was contractually owed.

With these undisputed facts in mind, I find that Spirit successfully shifted the burden under Rule 56 to Herbst, who was then required to "set forth specific facts showing that there is a genuine

---

[20] *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991); *Anderson,* 477 U.S. at 248–49.

[21] *Celotex,* 477 U.S. at 323–24.

[22] *Brown v. Kinross Gold U.S.A., Inc.*, 531 F. Supp. 2d 1234, 1240 (D. Nev. 2008) citing *Saini v. Int'l Game Tech.*, 434 F. Supp 2d 913, 920-921 (D. Nev. 2006).

[23] Exhibit C at 1.

4

issue for trial" in order to defeat summary judgment.[24] Herbst failed to do that. Through just a footnote, he simply restated the same blanket denials in his answer, without substantiating those denials with any specific facts—let alone properly authenticated evidence— challenging Spirit's sworn averments. Therefore, I conclude, as a matter of law, that Herbst is liable to Spirt for breaching the lease guaranty.

**B.     Genuine Issues of Fact Preclude Summary Judgment on Spirit's Damages.**

Spirit's damages are not quite as straightforward, in part because Spirit's calculation of damages has been inconsistent, and because Herbst actually points out this inconsistency. Spirit's own papers contain a discrepancy of more than $530,000 between the various amounts claimed.[25]

There also remain other issues of material fact for the jury: Did Spirit properly discount the money Herbst owes it? How exactly has Spirit been calculating its damages and is this method of calculation legitimate? Answers to these questions are not provided by Spirit.

As a result, I find that Spirit has not met its burden of "providing to the court an evidentiary basis upon which it may properly determine the amount of plaintiff's damages."[26] Thus, although Spirit has established the absence of a genuine issue of fact justifying summary judgment in its favor of Herbst's breach-of-guaranty liability, I deny Spirit's motion for summary judgment on the issue of damages.

**Conclusion**

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff Spirit Master Funding II, LLC's Motion for Summary Judgment (Doc. 28) is **GRANTED IN PART** and **DENIED IN PART**.

/ / /

/ / /

/ / /

---

[24] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

[25] Compare Doc. 1 at 7 to Exhibit 1 at 4.

[26] *Mort Wallin of Lake Tahoe, Inc. v. Commercial Cabinet Co., Inc.*, 784 P.2d 954, 955 (Nev. 1989) (citations omitted).

Partial summary is granted in favor of Spirit as to Defendant Jerry Herbst's breach-of-guaranty liability, but the motion for summary judgment is denied as to damages.

DATED  September 12, 2014.

_____
Jennifer A. Dorsey
United States District Judge